UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

TED FINE, d/b/a Fine Pawn, a sole
proprietorship,

     Plaintiff - Appellant,

v.

THE CITY OF SALLISAW,
OKLAHOMA; BOARD OF
COMMISSIONERS FOR THE CITY OF
SALLISAW, OKLAHOMA; LARRY
LANE, Sheriff of Sequoyah County,
Oklahoma; JACK THORP, District
Attorney for Sequoyah County, Oklahoma,

     Defendants - Appellees.

No. 20-7057
(D.C. No. 6:19-CV-00227-JH)
(E.D. Okla.)

_____

ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Ted Fine appeals the dismissal of his 42 U.S.C. § 1983 claims against

Sequoyah County Sheriff Larry Lane and District Attorney Jack Thorp, which

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

challenged now-repealed ordinances impacting the operation of pawnshops.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

Fine is the sole proprietor of Fine Pawn, a pawnshop in Sallisaw, Oklahoma.

He asserted several Sallisaw ordinances imposing registration and recordkeeping

requirements on pawnshops were void under the Oklahoma Pawnshop Act (OPA),

Okla. Stat. tit. 59 §§ 1501–15, because they were more restrictive than the state law

permitted, *see id.* § 1514 (voiding any municipal ordinance more restrictive than the

OPA). His original complaint named as defendants the City of Sallisaw; the mayor;

the city manager; the Board of Commissioners and various individual commissioners;

Sheriff Larry Lane; a sheriff's investigator; and the Sallisaw Police Department.

Fine later stipulated to the dismissal of the police department, mayor, city manager,

and individual commissioners. The court dismissed all claims against Lane and the

sheriff's investigator but granted Fine leave to amend his complaint.

In his first amended complaint, Fine kept Lane as a defendant and added Jack

Thorp, the district attorney for Sequoyah County. The claims against Lane and

Thorp were in their official capacities only.[1] Fine alleged a sheriff's investigator

directed a crime victim to check if his stolen pickup truck was at Fine Pawn, and,

---

[1] Fine's claims were therefore treated as claims against the sheriff's and district attorney's offices. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

2

after the victim visited the pawnshop, went to the shop himself "and without a warrant demanded to search for the pickup truck." Aplt. App. at 116.

Fine sought declaratory relief "[f]inding that the actions of the Sequoyah County Sheriff Department . . . are unconstitutional and violate the Plaintiff's protected right against warrantless searches under the Fourteenth . . . Fourth . . . and . . . Fifth Amendment." *Id.* at 124. He requested an injunction directing the sheriff's department "to cease all warrantless conduct including but not limited to sending alleged victims to pawnshops to search for their property," to cease all unwarranted searches of the pawnshop "with the exception of neutral administrative searches," and "[t]o at all times follow the policies and procedures of the [OPA]." *Id.*

The district court dismissed the claims against Lane because the activity Fine described in the first amended complaint—sending an officer into a pawnshop that is open to the public to search for stolen property, or directing a crime victim to look do so himself—does not amount to an illegal search. And, Fine pled no facts indicating the challenged actions were pursuant to an official policy, custom, or practice of the sheriff's department, so there was no basis to hold the county liable for the actions of one sheriff's investigator.

After the City repealed the challenged ordinances, the court dismissed all claims against it and the Board of Commissioners[2] as moot and granted Fine leave to

---

[2] Although the court's order dismissing the City did not mention the Board of Commissioners, the court later characterized its ruling as having "terminated the City defendants," Aplt. App. at 210, and the parties do not dispute that characterization.

3

file a second amended complaint "setting out more specifically the basis for his claims against the District Attorney and the relief sought." *Id.* at 163. In his second amended complaint, Fine sought a declaratory judgment stating that "Thorp[] does not follow the policies and procedures of the [OPA]." *Id.* at 171. He sought injunctive relief directing Thorp "to at all times follow the policies and procedures of the [OPA]," and to instruct the police and sheriff's departments "to at all times follow the mandates of the [OPA] and established State and Federal laws connected with the possibility of criminal activity and goods in the possession of pawn brokers." *Id.*

The district court dismissed the second amended complaint, concluding even if law enforcement's noncompliance with the OPA might give rise to a constitutional claim in some situations, that mere possibility "does not translate into a basis for the sort of free-floating declaration that plaintiff seeks here, much less for injunctive relief ordering a state official to order other state or local officials to, in general, follow state law." *Id.* at 211. The court further declined to exercise supplemental jurisdiction over any state-law claims against Thorp.

Fine appeals the dismissal of his first amended complaint, which set forth his claims against Lane, and his second amended complaint, which set forth his claims against Thorp. He "is not appealing from the dismissal . . . of the City . . . or the Board of Commissioners . . . ." Aplt. Opening Br. at 2 n.1.

4

## DISCUSSION

"We review de novo a district court's decision on a Rule 12(b)(6) motion for dismissal for failure to state a claim. Under this standard, we must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (italics, citation, and internal quotation marks omitted "Conclusory allegations are not entitled to the assumption of truth. In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiff[] ha[s] stated a plausible claim." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021). (citation and quotation marks omitted).

Fine argues the district court erred in dismissing his claims against Thorp because he had a constitutionally recognized property interest in the items in the pawnshop and law enforcement on several occasions did not comply with the OPA. Fine further argues the district court erred in dismissing his claims against Lane because the first amended complaint adequately described illegal searches and seizures of pawn shop property. We reject each argument.

Regarding the claims against Thorp, we first affirm the district court's decision to decline to exercise its supplemental jurisdiction over any state-law claims (i.e., claims for violations of the OPA) because Fine did not raise any challenge to that decision in his opening brief. *See Folks v. State Farm Mut. Auto. Ins. Co.*, 784 F.3d

5

730, 737 (10th Cir. 2015).[3]  As to the federal claims, Fine's argument he had a protected property interest in the items in his shop does not address the fundamental reason for the dismissal:  the mere possibility some state officials might impact his property rights in some way through their failure to comply with the OPA does not create a basis for the broad declaratory and injunctive relief Fine sought.

Regarding the claims against Lane, the district court correctly concluded that when a policeman merely walks into a public place of business and views the items there it is not an illegal search.  *See United States v. Hatfield*, 333 F.3d 1189, 1194 (10th Cir. 2003) ("When the police come on to private property to conduct an investigation and restrict their movements to places visitors could be expected to go . . . observations made from such vantage points are not covered by the Fourth Amendment." (alterations and internal quotation marks omitted)).

The district court also rejected Fine's argument that defendants violated the Fourth Amendment by placing "holds" on pawnshop property for longer than the OPA allowed, noting he "cite[d] no authority suggesting that a 'hold' placed for a period of time greater than that authorized under state law rises to the status of a constitutional taking."  Aplt. App. at 160.  Fine acknowledges he "has not found any specific case law that has decided this issue," Aplt. Opening Br. at 16, but he offers

---

[3] Fine does challenge the decision not to exercise supplemental jurisdiction in his reply brief, but these arguments come too late.  "In this Circuit, we generally do not consider arguments made for the first time on appeal in an appellant's reply brief and deem those arguments waived."  *United States v. Leffler*, 942 F.3d 1192, 1197 (10th Cir. 2019).

an interpretation of several Supreme Court cases that might support his theory. But Fine did not present this argument to the district court in his response to Lane's motion to dismiss, so we will not consider it. *Strauss v. Angie's List, Inc.*, 951 F.3d 1263, 1266 n.3 (10th Cir. 2020) ("Generally, this court does not consider arguments raised for the first time on appeal.").

Finally, the district court correctly denied injunctive relief because Fine did not plead that any of the alleged improper actions were pursuant to an official policy or custom. *See Bird v. W. Valley City*, 832 F.3d 1188, 1207–08 (10th Cir. 2016) ("[A] local government is liable only when the unconstitutional actions of an employee were representative of an official policy or custom of the municipal institution, or were carried out by an official with final policy making authority with respect to the challenged action." (emphasis and internal quotation marks omitted)). While Fine's first amended complaint did allege that "[a]t all times material to this Complaint, the named Defendants were implementing state and/or municipal law and/or official policy or custom of the City of Sallisaw, the Office of the Sequoyah County Sheriff, the Office of the District Attorney for [the] State of Oklahoma and/or were acting under color of law," Aplt. App. at 114, it lacked sufficient facts to support this conclusory assertion, so the district court correctly disregarded it when concluding Fine failed to state a plausible claim. *See Brooks*, 985 F.3d at 1281.

## CONCLUSION

We affirm the judgment of the district court.

Entered for the Court


Joel M. Carson III
Circuit Judge